**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 27, 2021

Steven L. Penaro, Esq.
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
*Counsel for Defendants Care One, LLC, Care One Mgmt., LLC & Healthbridge Mgmt., LLC*

Inayat Ali Hemani, Esq.
Sanford Heisler Sharp, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
*Counsel for Relator John Doe*

Rachel Geman, Esq.
Leif Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
*Counsel for Relator John Doe*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

  **Re:** **John Doe v. Care One, LLC et al.**
     **Civil Action No. 17-3451 (SDW) (LDW)**

Counsel:

  Before this Court is Defendants Care One, LLC, Care One Management, LLC and Healthbridge Management, LLC's (collectively, "Defendants") Motion to Identify Relator John Doe. This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **GRANTS** Defendants' Motion.

**DISCUSSION**

A.

The general rule in federal litigation is that "proceedings should be public" and, consequently, "Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). It is only in "exceptional circumstances" that courts permit a party to remain anonymous. *Id.*, *see also Doe v. Blue Cross Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (noting that "[t]he use of fictitious names is disfavored"). To proceed anonymously, a party must show "both (1) fear of severe harm, and (2) that the fear of severe harm is reasonable." *Megless*, 654 F.3d at 408; *see also U.S. ex rel. Luciano v. Pollack Health & Wellness, Inc.*, Civ. No 13-6815, 2015 WL 2168655, at *3 (D.N.J. Apr. 30, 2015). If a litigant "sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, ... district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Megless*, 654 F.3d at 408.

The expectation that parties identify themselves applies even after a matter has been terminated. For example, where a party seeks to maintain their anonymity by sealing the judicial record after a case has been voluntarily dismissed, that party "bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *see also United States v. Janssen Therapeutics*, 795 F. App'x 142, 146 (3d Cir. 2019); *U.S. ex rel. Eberhard v. Angiodynamics, Inc.*, Civ. No. 11-556, 2013 WL 2155327, at *2 (E.D. Tenn. May 17, 2013) (denying relator's motion to seal upon the voluntary dismissal of *qui tam* action where relator feared economic retaliation or career damage if his name was made public, finding the mere possibility "of some form of economic harm is inadequate to depart from the rule favoring public access").

B.

This Court assumes the parties' familiarity with the factual and procedural history of this matter and recites only those facts necessary for the resolution of the instant motion. John Doe ("Relator") is the owner and/or operator of long-term care facilities in New Jersey and a direct competitor of Defendants. (D.E. 1 ¶¶ 11-24.) On May 11, 2017, Relator filed a *qui tam* Complaint on behalf of the United States of America against Defendants alleging that they submitted false claims and statements to the United States in violation of federal and state law and the case was sealed. (D.E. 1-3.) The United States later declined to intervene and its application to unseal the matter was granted. (D.E. 4-7.) Relator then voluntarily dismissed the case with prejudice. (D.E. 15, 16.) Defendants now move to identify Relator, arguing that there is no basis for him to remain anonymous and that "Defendants must know who Relator is for the dismissal with prejudice to be given effect." (D.E. 19-1 at 1.) This Court agrees.

Here, Relator speculates that he "could" be subject to "significant harm . . . as someone who owns and operates nursing homes in the same region as Defendants" because his "capacity to hire employees and contract with other health-care entities in the area would likely suffer if his identity were public." (D.E. 21 at 7-8.) This broad assertion of possible economic loss, without more, is insufficient to show severe harm or serious injury. *See, e.g.*, *Megless*, 654 F.3d at 408

(noting that embarrassment or economic harm do not constitute severe harm); *Purcell v. Gilead Sciences, Inc.*, 415 F. Supp. 3d 569, 577 (E.D. Pa. 2019) (determining that "possible 'negative impact' on Relator's continued livelihood . . . d[id] not outweigh the strong presumption of access to judicial materials"); *Eberhard*, 2013 WL 2155327 at * 3 (noting that "the mere possibility, or even plausibility, of some form of economic harm is inadequate to depart from the rule favoring public access"). The type of harm Relator raises is not dissimilar from what any business owner may face when suing a competitor and is not of the type that would justify Relator's continued anonymity. *See Megless*, 654 F.3d at 408 (noting that anonymity has been permitted in cases "involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality;'") (internal citation omitted); *Eberhard*, 2013 WL 2155327 at *3 (noting that "concerns involving national security, trade secrets or personal safety" are of the type that would constitute severe or serious harm). As such, Relator has failed to provide this Court with facts that justify allowing his identity to remain secret.

In addition, as Defendants note, dismissal with prejudice has no effect unless Defendants know Relator's identity. Without knowing who Relator is, Defendants would be unable to assert a *res judicata* defense against a subsequent suit brought by Relator. *See, e.g.*, *Doe v. Indyke*, Civ. No. 20-484, 2021 WL 871382, at *2 (S.D.N.Y. Mar. 8, 2021) (permitting defendant to obtain plaintiff's identity where plaintiff voluntarily dismissed her claim so that if plaintiff later sued defendant, defendant could defend herself)[1]; *United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 222 (D. Mass. 2012). Although Relator is correct that Defendants could address this problem through discovery in a later suit, the more expedient and efficient approach would be to reveal Relator's identity now and avoid unnecessary future litigation expenses.

## CONCLUSION

For the reasons set forth above, Defendants' Motion (D.E. 19) is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk  
cc:        Leda D. Wettre, U.S.M.J.  
           Parties

---

[1] In *Indyke*, because the underlying claims arose out of a highly publicized case involving sexual assault, sexual battery, and false imprisonment, plaintiff's identity was provided only to the defendant, who was instructed not to disclose it 'for any purpose without prior approval of' the court. *Indyke*, 2021 WL 871382 at *1-2. Such privacy concerns are not present here.